# UNITED STATES BANKRUPTCY COURT
## NORTHERN **DISTRICT OF** ALABAMA
## NORTHERN **DIVISION**

In Re:                                    §
                                          §
Jammie Daniell Parker                     §        Case No. 13-83494
                                          §
                          Debtor          §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/14/2013. The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of              $        70,000.00

                Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 25,893.88 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

                Leaving a balance on hand of[1]          $        44,106.12

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

USBA Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was 11/29/2018 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,906.43.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $3,906.43, for a total compensation of $3,906.43[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $771.98, for total expenses of $771.98[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:02/23/2021_____ By:/s/TAZEWELL T. SHEPARD, TRUSTEE_____
                                    Trustee

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**USBA Form 101-7-TFR (5/1/2011)** *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-83494 | CRJ | Judge: | Clifton R. Jessup | | Trustee Name: | TAZEWELL T. SHEPARD, TRUSTEE |
|---|---|---|---|---|---|---|---|
| Case Name: | Jammie Daniell Parker | | | | | Date Filed (f) or Converted (c): | 11/14/2013 (f) |
| | | | | | | 341(a) Meeting Date: | 12/13/2013 |
| For Period Ending: | 02/23/2021 | | | | | Claims Bar Date: | 11/29/2018 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 1.  RESIDENCE | 50,100.00 | 2,955.49 | | 0.00 | FA |
| 2.  CASH | 10.00 | 0.00 | | 0.00 | FA |
| 3.  FINANCIAL ACCOUNTS | 8.38 | 0.00 | | 0.00 | FA |
| 4.  FINANCIAL ACCOUNTS | 166.83 | 0.00 | | 0.00 | FA |
| 5.  HOUSEHOLD GOODS | 1,800.00 | 0.00 | | 0.00 | FA |
| 6.  WEARING APPAREL | 250.00 | 0.00 | | 0.00 | FA |
| 7.  FURS AND JEWELRY | 550.00 | 0.00 | | 0.00 | FA |
| 8.  Lawsuit or Cause of Action                (u) | 0.00 | 70,000.00 | | 70,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $52,885.21          $72,955.49          $70,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

 - Kevin Morris 12/31/2020 - Debtor had a TVM class action lawsuit that settled.  The Trustee received and deposited the settlement proceeds from SC in the amount of $44,366.12.  DH will verify claims and then RP can begin working on the Final Report.

Exhibit A

| | | | |
|---|---|---|---|
| RE PROP # | 1 | -- | 0.37 acres, single family residence in Sec 33, T5S, R1E, Madison Co., AL<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 2 | -- | On person<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 3 | -- | Checking - Peoples Bank<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 4 | -- | Checking - Citizens Bank<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 5 | -- | Couch, TV, Stove, Refrigerator, 2 bedroom suites, coffee table, lamps, miscellaneous<br>cookware, linens, appliances and effects<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 6 | -- | Miscellaneous wearing apparel<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 7 | -- | Costume jewelry, class ring and wedding ring<br>Property will be abandoned at closing per 554(c) |
| RE PROP # | 8 | -- | TVM MDL against AMS<br>Settled per order 4/23/20 [Dkt. 62] |

Initial Projected Date of Final Report (TFR):          Current Projected Date of Final Report (TFR):

USBA Form 101-7-TFR (5/1/2011) *(Page: 4)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 13-83494

Case Name: Jammie Daniell Parker

Taxpayer ID No: XX-XXX0223

For Period Ending: 02/23/2021

Trustee Name: TAZEWELL T. SHEPARD, TRUSTEE

Bank Name: Axos Bank

Account Number/CD#: XXXXXX0549

Checking

Blanket Bond (per case limit): $2,000,000.00

Separate Bond (if applicable):

Exhibit B

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/18/20 | | Flint Law Firm LLC<br>222 E. Park St., Suite 500<br>P.O. Box 189<br>Edwardsville, IL 62025 | Check No. 5127  8/18/2020 | | $44,366.12 | | $44,366.12 |
| | | | Gross Receipts | $70,000.00 | | | |
| | | Flint Law Firm LLC | MDL Common Benefit Assessment | ($3,500.00) | 2500-000 | | |
| | | Flint Law Firm LLC | Lien Resolution Fee | ($600.00) | 2500-000 | | |
| | | Akin Mears LLP | Special counsel fees | ($7,699.12) | 3210-000 | | |
| | | Akin Mears LLP | Special counsel expenses | ($0.49) | 3220-000 | | |
| | | Motley Rice LLC | Special counsel fees | ($5,132.75) | 3210-000 | | |
| | | Motley Rice LLC | Special counsel expenses | ($41.00) | 3220-000 | | |
| | | Flint Law Firm LLC | Special counsel fees | ($7,699.13) | 3210-000 | | |
| | | Flint Law Firm LLC | Special counsel expenses | ($961.39) | 3220-000 | | |
| | 8 | | Lawsuit or Cause of Action | $70,000.00 | 1249-000 | | |
| 02/19/21 | | THE COURT, CLERK OF<br>400 Wells Street<br>Decatur, Alabama 35601 | ACH Payment of Reopening Fee - Pursuant to Court Order Reopening Case (Doc. 15). | 2700-000 | | $260.00 | $44,106.12 |

| | | |
|---|---|---|
| COLUMN TOTALS | $44,366.12 | $260.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $44,366.12 | $260.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $44,366.12 | $260.00 |

USBA Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $44,366.12  $260.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0549 - Checking | $44,366.12 | $260.00 | $44,106.12 |
| | $44,366.12 | $260.00 | $44,106.12 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $25,633.88 |
| Total Net Deposits: | $44,366.12 |
| Total Gross Receipts: | $70,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 8:13-83494-CRJ
Date: February 23, 2021
Debtor Name: Jammie Daniell Parker
Claims Bar Date: 11/29/2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | TAZEWELL T. SHEPARD 303 Williams Avenue, Suite 1411 Huntsville, AL 35801 | Administrative | | $0.00 | $3,906.43 | $3,906.43 |
| 100 2200 | TAZEWELL T. SHEPARD 303 Williams Avenue, Suite 1411 Huntsville, AL 35801 | Administrative | | $0.00 | $771.98 | $771.98 |
| 100 2700 | CLERK OF THE COURT 400 Wells Street Decatur, Alabama 35601 | Administrative | | $0.00 | $260.00 | $260.00 |
| 100 3210 | Akin Mears LLP | Administrative | Special counsel fees | $0.00 | $7,699.12 | $7,699.12 |
| 100 3210 | Flint Law Firm LLC | Administrative | Special counsel fees | $0.00 | $7,699.13 | $7,699.13 |
| 100 3210 | Motley Rice LLC | Administrative | Special counsel fees | $0.00 | $5,132.75 | $5,132.75 |
| 100 3220 | Akin Mears LLP | Administrative | Special counsel expenses | $0.00 | $0.49 | $0.49 |
| 100 3220 | Flint Law Firm LLC | Administrative | Special counsel expenses | $0.00 | $961.39 | $961.39 |
| 100 3220 | Motley Rice LLC | Administrative | Special counsel expenses | $0.00 | $41.00 | $41.00 |

**USBA Form 101-7-TFR (5/1/2011)** *(Page: 7)*

Case 13-83494-CRJ7    Doc 74    Filed 05/10/21    Entered 05/10/21 13:10:29    Desc Main
Document      Page 7 of 11

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 8:13-83494-CRJ                                                                    Date: February 23, 2021

Debtor Name: Jammie Daniell Parker

Claims Bar Date: 11/29/2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 1 300 7100 | RADIOLOGY OF HUNTSVILLE, PC C/O FOX COLLECTION CENTER PO BOX 528 GOODLETTSVILLE, TN  37070 | Unsecured | | $883.00 | $984.00 | $984.00 |
| | Case Totals | | | $883.00 | $27,456.29 | $27,456.29 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

USBA Form 101-7-TFR (5/1/2011) *(Page: 8)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-83494
Case Name: Jammie Daniell Parker
Trustee Name: TAZEWELL T. SHEPARD, TRUSTEE

Balance on hand                                    $          44,106.12

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: TAZEWELL T. SHEPARD | $ 3,906.43 | $ 0.00 | $ 3,906.43 |
| Trustee Expenses: TAZEWELL T. SHEPARD | $ 771.98 | $ 0.00 | $ 771.98 |
| Attorney for Trustee Fees: Akin Mears LLP | $ 7,699.12 | $ 7,699.12 | $ 0.00 |
| Attorney for Trustee Expenses: Akin Mears LLP | $ 0.49 | $ 0.49 | $ 0.00 |
| Charges: CLERK OF THE COURT | $ 260.00 | $ 260.00 | $ 0.00 |
| Other: Flint Law Firm LLC | $ 7,699.13 | $ 7,699.13 | $ 0.00 |
| Other: Flint Law Firm LLC | $ 961.39 | $ 961.39 | $ 0.00 |
| Other: Motley Rice LLC | $ 5,132.75 | $ 5,132.75 | $ 0.00 |
| Other: Motley Rice LLC | $ 41.00 | $ 41.00 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses          $          4,678.41

Remaining Balance                                              $          39,427.71

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $984.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|-----------|----------|------------------------|--------------------------|------------------|
| 1 | RADIOLOGY OF HUNTSVILLE, PC | $ 984.00 | $ 0.00 | $ 984.00 |

Total to be paid to timely general unsecured creditors     $_____ 984.00

Remaining Balance     $_____ 38,443.71

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.1 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $7.99. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $38,435.72.